NORTH CAROLINA　　　　　FILED IN THE GENERAL COURTS OF JUSTICE
　　　　　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION
CUMBERLAND COUNTY 2017 MAY 25　　FILE NO.: 17 CVS 4256

|  |  |
|---|---|
| OLD SOUTH APPAREL, LLC, and JAMES T. HAIR,<br>　　　　Plaintiffs,<br>vs.<br>J E B DESIGNS, INC. and<br>Keith and Rose Presley,<br>　　　　Defendants. | **VERIFIED COMPLAINT AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

NOW COME the Plaintiffs, Old South Apparel, LLC and James T. Hair, and complaining of the Defendants, hereby allege and say:

## PARTIES

1. Plaintiff Old South Apparel, LLC ("Old South") is a validly existing North Carolina limited liability company having its principal office in Cumberland County, North Carolina, and at all times relevant hereto, doing business in and about Cumberland County, North Carolina.

2. Plaintiff James T. Hair is a natural person residing in Cumberland County, North Carolina and is the owner and founder of Plaintiff Old South.

3. Defendant J E B Designs, Inc. ("JEB Designs") is a validly existing North Carolina corporation having its principal office in Cumberland County, North Carolina, and at all times relevant hereto, doing business in and about Cumberland County, North Carolina.

4. Defendants Keith and Rose Presley are natural persons residing, upon information and belief, in Bladen County, North Carolina.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and venue is proper in this Court pursuant to, inter alia, N.C. Gen Stat. §1-75.4, §1-77, and §1-82.

6. This Court has subject matter jurisdiction over this matter.

## FACTUAL BACKGROUND

7. Plaintiff Hair has operated a clothing brand apparel and accessories business under the name OLD SOUTH APPAREL (the "Old South Trademark") continuously since January 1, 2014.

8. Plaintiff Hair formed and registered Old South Apparel, LLC with the North Carolina Secretary of State on October 30, 2014, for the purpose of carrying out the business of Old South Apparel.

9. At all relevant times, Plaintiff designs, develops, manufactures, markets, distributes and sells men's and women's apparel under the Old South Trademark throughout the southeastern United States, including clothing ranging from t-shirts to long-sleeve button down shirts, hats, straps for sunglasses, cups and coolers, and other miscellaneous, branded goods.

10. The Old South Trademark is integral to all of Plaintiff's products; all apparel and accessories prominently incorporate Plaintiff's trademarked name, "Old South," sometimes accompanied by a logo that is a windmill design.

11. Plaintiff Hair is the registered and exclusive owner of United States Patent and Trademark Office Trademark Registration 4784204 for the mark OLD SOUTH APPAREL in connection with the following goods and services:

> IC 009. US 021 023 026 036 038. G & S: Straps for sunglasses.
>
> IC 025. US 022 039. G & S: T-Shirts; Visors; Hats

A copy of the registration certificate from the United States Patent and Trademark Office of the trademark registration 4784204 is attached hereto and incorporated herein as Exhibit A.

12. The Old South Trademark is currently in full force and effect, unrevoked, and has not been cancelled.

13. The Old South Trademark has been used in North Carolina commerce since at least August 4, 2015, and at all times relevant herein.

14. To identify and gain public awareness of its business and products, Plaintiff uses, advertises, and publicizes the Old South Trademark in North Carolina and certain other areas outside of North Carolina in connection with its registered goods and services.

15. The Old South Trademark appears on the internet, with a home address of <http://www.oldsouthapparel.com/>, in connection with Plaintiff's business.

16. Plaintiff advertises and sells its products to consumers in North Carolina and outside North Carolina through the its own website, referenced above, and on other online sites and retailers.

## Goodwill of the Old South Trademark and Reputation of the Plaintiff

17. Since the inception of Plaintiff's business, Plaintiff has continuously expended substantial resources to market, advertise, and promote the Old South Trademark in a variety of media, including without limitation, through print and electronic media.

18. Based on the foregoing, the Old South Trademark has acquired significant value and become distinctive and well-known to the consuming public and the trade as identifying and distinguishing Plaintiff's business and products from those of others.

19. Plaintiff's common law rights in the Old South Trademark were established before its actual registration date.

20. Plaintiff continues to expand its business activity in its industry, and it presently has plans to further expand its business inside and outside North Carolina.

## Defendants' Infringement

21. Defendant JEB Designs operates a printing business, which it advertises as offering "in-house screen printing, embroidery, and engraving" in its "25,000 square foot facility."

22. Upon information and belief, Defendant JEB Designs contracts with other businesses to print or engrave logos and designs on company merchandise and, as in this case, t-shirts and hats

23. At all relevant times, Plaintiff has intermittently hired Defendant JEB Designs to its screen-printing services to print batches of t-shirts having different styles and designs furnished by Plaintiff and containing the Old South Trademark.

24. Typically, once Defendant JEB Designs has completed a batch ordered by Plaintiff, Plaintiff will then inspect the t-shirts and determine whether any items have been misprinted or are defective in any way.

25. At all relevant times, Defendant JEB Designs has requested that, upon Plaintiff's determination, Plaintiff return any defective shirts so that they can be used as scraps, test printings, or otherwise destroyed.

26. Plaintiff has never expressly or impliedly authorized Defendant JEB Designs to sell, re-sell or distribute any Old South apparel, including products that have been printed by and/or returned to Defendant JEB Designs.

27. On May 5, 2017, Plaintiff was informed that a substantial amount of Old South apparel, containing the Old South Trademark, was featured for sale in a retail store operated by Defendants Keith and Rose Presley.

28. Defendants Keith and Rose Presley are owners of said retail business, which, upon information and belief, they operate as lessees or sub-lessees of retail space located at a prominent campground facility known as Camp Clearwater in Elizabethtown, North Carolina.

29. Defendants Keith and Rose Presley are not authorized sellers of Plaintiffs' products; Defendants have not ever submitted for authorization to sell Old South apparel, have never placed any order(s) for Plaintiffs' products, and otherwise have not ever had any business dealings directly or indirectly with Plaintiffs.

30. On May 6, 2017, Plaintiff Hair traveled to the retail location of Defendants Presley and observed that Old South t-shirts were featured prominently in dedicated displays and hanging throughout the store. Photographs showing Plaintiffs' products for sale in Defendants Presley's store are attached hereto and incorporated herein as Exhibits B, C, D, E, F, and G.

31. Plaintiff observed that there were in excess of approximately 500 Old South shirts for sale by Defendants Keith and Rose Presley.

32. Defendant Keith Presley told Plaintiff Hair that Defendants had "come across" the Old South shirts, that he'd "bought 3,000 of them," and that he'd "bought so many, [he] got them at a fair price."

33. Plaintiff observed that all of the Old South shirts were being sold well below the retail prices dictated by Plaintiff for its products.

34. Further, Plaintiff identified the items being sold by Defendants Keith and Rose Presley as clearly being among the large quantity of misprinted and/or defective shirts Plaintiff had previously returned to Defendant JEB Designs for disposal.

35. Upon information and belief, Defendant JEB Designs sold or caused to be sold large quantities of shirts appearing to be Plaintiff's products to Defendants Keith and Rose Presley, for resale by Defendants Presley, without any authorization or knowledge whatsoever by Plaintiff.

36. Defendant JEB Designs and Defendants Keith and Rose Presley have sold and, upon information and belief, continue to sell and profit from the Old South Trademark and apparel appearing to be Plaintiff's products, to the exclusion of Plaintiff and without Plaintiff's knowledge or authorization.

37. Defendants' use and unauthorized sale of products created by Plaintiff and containing the Old South Trademark belonging to Plaintiff, including items that are defective and sold at below-retail prices, confuses customers as to the source, quality and nature of Plaintiffs' products.

38. Defendants' use and unauthorized sale of products created by Plaintiff and containing the Old South Trademark belonging to Plaintiff deceive the public and constitute infringement of Plaintiff's Old South Trademark.

39. Defendants have infringed upon Plaintiff's rights in the Old South Trademark and taken other actions described herein recklessly, willfully, wantonly, with the intent to harm Plaintiffs, show confusion and deceive the public, and Defendants knew about Plaintiffs' business and Plaintiff's use of the Old South Trademark prior to Defendants selling and profiting from Plaintiff's trademarked products without Plaintiff's knowledge or authorization.

40. Defendants advertise and offer for sale, in the same channels of trade as Plaintiffs, Plaintiffs' products or identical products, depriving Plaintiff of profits, harming the goodwill of Plaintiff, diluting the quality and price of Plaintiff's products, and, otherwise, are using and infringing upon the Old South Trademark belonging to Plaintiff.

41. Upon information and belief, Defendants are knowingly, intentionally, and willfully infringing upon Plaintiff's United States protected trademark OLD SOUTH APPAREL, the common law rights in and to the trademark of the Plaintiff, and the Plaintiff's use of the aforesaid mark in commerce.

42. Upon information and belief, the continued sale by Defendants of Plaintiff's products with the Old South Trademark is likely to cause confusion, mistake and/or deception among the North Carolina consumers and marketplace.

43. Defendants' actions described herein have caused Plaintiffs to sustain actual and ascertainable financial harm in an amount to be proven at trial, and threaten Plaintiffs with irreparable harm unless Defendants are enjoined from further sale of Plaintiffs' products and infringement of the Old South Trademark.

44. Based on the foregoing, Plaintiffs have been damaged and will continue to be damaged by Defendants' continued unauthorized sale of Plaintiffs' products and the Old South Trademark.

## FIRST CLAIM FOR RELIEF
(Trademark Infringement; N.C. Gen. Stat. §80-11, et al.)

45. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 44 of the Complaint.

46. Defendants have used and are continuing to use and/or sell unauthorized reproductions, counterfeits, and/or copies of Plaintiffs' products, and, thus, the Old South Trademark, without the consent of the Plaintiffs.

47. Without the consent of Plaintiffs, the Defendants have used and are using the Old South Trademark in connection with the sale, offering for sale, or advertising of goods in connection with which such use is likely to cause confusion or mistake or to deceive as to the source and origin of such goods.

48. Defendants' use and continuing use and/or sale unauthorized reproductions, counterfeits, and/or copies of Plaintiffs' products, and, thus, the Old South Trademark, is likely to cause consumer confusion, mistake, and/or deception in the relevant market(s) as to the origin of the goods, and/or as to whether Defendants are authorized retailers of, affiliated with, or are otherwise connected to Plaintiff, in violation of N.C. Gen. Stat. § 80-11.

49. Defendants have committed such acts with knowledge that Defendants' use of the Old South Trademark is intended to confuse or deceive as to the source and origin of the goods.

50. Defendants' use and continuing use and/or sale unauthorized reproductions, counterfeits, and/or copies of Plaintiff's products, and, thus, the Old South Trademark, is depriving Plaintiffs of the exclusive right to control use and otherwise benefit from the registered trademark.

51. As a result of Defendants' actions, Plaintiffs have been damaged in excess of $25,000.00.

52. Defendants actions are trademark infringement in violation of N.C. Gen. Stat. § 80-11, and, accordingly, Plaintiff is entitled to all remedies available therein, including pursuant to N.C. Gen. Stat. § 80-12 constituting a violation of N.C. Gen. Stat. § 75-1.1.

## SECOND CLAIM FOR RELIEF
(Fraud; N.C. Gen. Stat. §1D-15)

53. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 52 of the Complaint.

54. Defendant JEB Designs willfully and maliciously misrepresented to Plaintiffs that it would dispose of and/or destroy all defective or misprinted clothing it obtained from Plaintiffs.

55. Defendant JEB Designs willfully and maliciously concealed the fact that it intended to re-sell the thousands of defective items Plaintiffs had delivered for disposal.

56. Defendants JEB Designs' actions were reasonable calculated to deceive Plaintiffs, and did in fact deceive Plaintiffs.

57. Defendant JEB Designs' actions were intended to harm, and have in fact, harmed Plaintiffs to detriment of Plaintiffs' goodwill, reputation, and finances, in an amount in excess of $25,000.00.

58. Further, the acts and omissions of Defendant JEB Designs, as are more fully set forth herein, were willful, wanton and malicious within the meaning of North Carolina General Statute 1D-15 by reason of which Plaintiffs are entitled to punitive damages as against Defendant JEB Designs in an amount in excess of $25,000.00.

## THIRD CAUSE OF ACTION
(Unfair Competition and Unfair and Deceptive Trade Practices; N.C. Gen. Stat. § 75-1.1)

59. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 58 of the Complaint.

60. At all relevant times, Defendant JEB Designs and Defendants Keith and Rose Presley were engaged in commerce in the State of North Carolina within the meaning of N.C. Gen. Stat. § 75-1.1.

61. The acts and omissions of Defendants, as are more fully set forth herein, constitute unfair methods of competition and unfair and deceptive acts or practices, within the meaning of N.C. Gen. Stat. §75-1.1., by reason of which Plaintiffs have been damaged in an amount to be proven at trial, not less than $25,000.00, together with interest accruing at the highest allowable legal rate from the date of the filing of this action until fully paid, plus court costs.

62. Plaintiffs are further entitled to have said damages hereunder trebled, pursuant to N.C. Gen. Stat. §75-16, and to the recoupment of Plaintiffs' atorney's fees and costs, pursuant to N.C. Gen. Stat. § 75-16.1.

### FOURTH CAUSE OF ACTION
(Unfair Competition; North Carolina Common Law)

63. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 62 of the Complaint.

64. Plaintiff is the owner of the common law trademark OLD SOUTH APPAREL and this mark has been used extensively in commerce for years, accruing significant common law trademark rights.

65. The acts and omissions of Defendants, as are more fully set forth herein, constitute trademark infringement and Defendants are engaged in unfair competition with Plaintiffs in North Carolina at common law by misappropriating and attempting to misappropriate Plaintiff's OLD SOUTH APPAREL mark and associated reputation and goodwill in a manner that is likely to deceive and confuse the public that the goods sold by Defendants originate with or are those of Plaintiffs, or are sponsored by, licensed by, authorized, or otherwise associated with Plaintiffs, when in fact they are not.

66. As a result of the acts and omissions of Defendants, Plaintiffs have been damaged in an amount to be proven at trial, not less than $25,000.00.

### FIFTH CLAIM FOR RELIEF
(Conversion)

67. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 66 of the Complaint.

8

Case 5:17-cv-00280-BO   Document 1-7   Filed 06/09/17   Page 8 of 20

68. Plaintiffs are owner of property as hereinabove described.

69. Defendants have wrongfully converted the Plaintiffs' property and are in possession of Plaintiffs' property and property interest.

70. As a result of Defendants wrongful conversion, the Plaintiffs have been damaged in an amount in excess of twenty-five thousand and no/100 dollars ($25,000.00).

### SIXTH CLAIM FOR RELIEF
### MOTION FOR TEMPORARY RESTRAINING ORDER
(N.C.R.Civ.P. 65(b))

71. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 70 of the Complaint.

72. Plaintiffs stand a substantial likelihood of success on the merits of their claims as pled herein.

73. Plaintiffs will suffer irreparable injury should Defendants be allowed to continue to use and/or sell unauthorized reproductions, counterfeits, and/or copies of Plaintiff's products, and, thus, the Old South Trademark.

74. Upon information and belief, Defendants possess additional unauthorized reproductions, counterfeits, and/or copies of Plaintiffs' products that they intend to sell without Plaintiffs' authorization and to the detriment of Plaintiffs.

75. Upon information and belief, there is a substantial likelihood that Defendants will secret or otherwise dispose of the sale proceeds and other monies due to Plaintiffs in this matter, as is more fully set forth herein, if they are not enjoined from further activity by an Order of this Court.

76. Should Defendants continue, Defendants' actions will nullify Plaintiff's right to exclusive use of the trademark, free from infringement, and will have a substantial and adverse effect of Plaintiff's existing and projected future intrastate and interstate business

77. The balance of the equities in this matter favors the Plaintiffs.

78. For all the reasons set forth herein, Plaintiffs respectfully move the Court for the imposition of a Temporary Restraining Order, pursuant to Rule 65(b) of the North Carolina Rules of Civil Procedure, enjoining Defendants from further use and/or sale unauthorized reproductions, counterfeits, and/or copies of Plaintiff's products, and additionally from secreting,

disposing of, transferring or otherwise spending any of the proceeds therefrom, until a hearing might be had upon Plaintiffs' Motion for Preliminary Injunction.

## SIXTH CLAIM FOR RELIEF
## MOTIONS FOR PRELIMINARY AND PERMANENT INJUNCTION
(N.C.R.Civ.Pro. 65(a))

79. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 78 of the Complaint.

80. For all of the reasons set forth herein, and subsequent to the imposition of a Temporary Restraining Order upon Defendants as is requested in Plaintiffs' Fifth Claim for Relief herein, Plaintiffs further respectfully move the Court for the imposition of a Preliminary Injunction, pursuant to Rule 65(a) of the North Carolina Rules of Civil Procedure, enjoining Defendants from Defendants from further use and/or sale unauthorized reproductions, counterfeits, and/or copies of Plaintiffs' products, and additionally from secreting, disposing of, transferring or otherwise spending any of the proceeds therefrom, until this matter shall be tried upon its merits.

WHEREFORE, the Plaintiffs respectfully pray and move the Court to have and recover of the Defendants as follows:

1. For a judgment against the Defendants, jointly and severally, on each of the claims of relief asserted herein, in favor of the Plaintiffs in an amount in excess of $25,000.00.

2. That Plaintiffs have and recover damages as against Defendants, jointly and severally, sounding in trademark infringement, pursuant to N.C. Gen. Stat. §80-11, in an amount in excess of $25,000, together with interest accruing from the date of the filing of this action at the highest allowable, and that such amount be trebled pursuant to N.C. Gen. Stat. §80-12.

3. That Plaintiffs have and recover damages as against Defendant JEB Designs sounding in fraud, in an amount in excess of $25,000.00, together with interest accruing at the highest allowable legal rate from the date of the filing of this action until fully paid, plus court costs.

4. That Plaintiffs have and recover punitive damages of Defendants, jointly and severally, pursuant to N.C. Gen. Stat. § 1D-15.

5. That Plaintiffs have and recover damages as against Defendants sounding in conversion, in an amount in excess of $25,000.00, together with interest accruing at the highest allowable legal rate from the date of the filing of this action until fully paid, plus court costs.

6. That Plaintiffs have and recover damages as against Defendants sounding in unfair competition under North Carolina common law, in an amount in excess of $25,000.00, together with interest accruing at the highest allowable legal rate from the date of the filing of this action until fully paid, plus court costs.

7. That Plaintiffs have and recover damages as against Defendants, jointly and severally, sounding in unfair competition and unfair and deceptive trade practices, pursuant to N.C. Gen. Stat. § 75-1.1, et seq., in an amount in excess of $25,000.00, together with interest accruing at the highest allowable legal rate from the date of the filing of this action until fully paid, plus court costs.

8. That the damages hereunder be trebled, pursuant to N.C. Gen. Stat. § 75-16.

9. That the Plaintiffs have and recover costs and attorney's fees accrued in the pursuit of this action against Defendants, jointly and severally, pursuant to N.C. Gen. Stat. § 75-16.1.

10. That the Court impose a Temporary Restraining Order, pursuant to Rule 65(b) of the North Carolina Rules of Civil Procedure, enjoining Defendants from further use and/or sale unauthorized reproductions, counterfeits, and/or copies of Plaintiffs' products, and additionally from secreting, disposing of, transferring or otherwise spending any of the proceeds therefrom, until a hearing might be had upon Plaintiffs' Motion for Preliminary Injunction.

11. Thereafter, that the Court impose a Preliminary Injunction, pursuant to Rule 65(b) of the North Carolina Rules of Civil Procedure, enjoining Defendants from further use and/or sale unauthorized reproductions, counterfeits, and/or copies of Plaintiffs' products, and additionally from secreting, disposing of, transferring or otherwise spending any of the proceeds therefrom, until such time as the merits of this action shall be fully and finally decided.

12. That a trial by jury be had upon all triable issues.

13. That the further costs of this action be taxes as against Defendants, jointly and severally; and

14. That the Plaintiffs have and recover whatever such other and further relief the Court may deem appropriate.

Respectfully submitted, this the 25th day of May, 2017.

          YARBOROUGH, WINTERS & NEVILLE, P.A.

          _____
          TIMOTHY C. SMITH
          State Bar # 37060
          Post Office Box 705
          Fayetteville, NC  28302
          Telephone: 910-433-4433
          E-mail: timsmith@ywnlaw.com
          *Attorney for Plaintiffs*

NORTH CAROLINA

<div style="text-align:center">VERIFICATION</div>

CUMBERLAND COUNTY

    I, James Tyler Hair, being first duly sworn, depose and say that I am the Owner of Old South Apparel, LLC, Plaintiff in the above entitled action; that I have read the foregoing Verified Complaint and Motion for Temporary Restraining Order and Preliminary Injunction and know the contents thereof; and that the same is true to my own knowledge, except as to those matters and things stated on information and belief, and as to those matters, I believe them to be true.

<div style="margin-left:40%">
OLD SOUTH APPAREL, LLC

_____
James Tyler Hair, Owner
</div>

Sworn to and Subscribed before me
this the 25th day of May, 2017.

_____
Sally D. Lewis, Notary Public

My Commission Expires:

2/25/2018



EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# Old South Apparel

**Reg. No. 4,784,204**  
**Registered Aug. 4, 2015**  
**Int. Cls.: 9 and 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

HAIR, JAMES TYLER (UNITED STATES INDIVIDUAL)  
2785 GOBBLER LANE  
EASTOVER, NC 28312

FOR: STRAPS FOR SUNGLASSES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 9-30-2013; IN COMMERCE 9-30-2013.

FOR: T-SHIRTS; VISORS; HATS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-30-2013; IN COMMERCE 9-30-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "APPAREL" WITH RESPECT TO THE CLASS 25 GOODS, APART FROM THE MARK AS SHOWN.

SER. NO. 86-175,509, FILED 1-27-2014.

MICHELE SWAIN, EXAMINING ATTORNEY



*Michelle K. Lee*  
Director of the United States  
Patent and Trademark Office







EXHIBIT D





