IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-280-BO

OLD SOUTH APPAREL, LLC and
JAMES T. HAIR,
Plaintiffs,

v.

JEB DESIGNS, INC. and
KEITH and ROSE PRESLEY,
Defendants.

**ORDER**

This matter is before the Court on defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE 15, 17] and plaintiffs' motion for a preliminary injunction [DE 1-7]. The matter has been fully briefed and is ripe for ruling. For the reasons discussed below, the motions to dismiss are granted. As such, plaintiffs' motion for a preliminary injunction is dismissed as moot.

## BACKGROUND

Plaintiffs James T. Hair and Old South Apparel, his clothing company, based in Fayetteville, North Carolina, contracted with JEB Designs, a printing company, to print t-shirts bearing the phrase "Old South." Plaintiffs would inspect the printed shirts, rejecting those that were misprinted or defective. In 2016, Plaintiffs decided to change the way the t-shirts were tagged. The new process, called 'inside tagging,' involved printing the contents of the putative tag on the inside of the shirt, instead of attaching a nylon tag. Plaintiffs and Defendant JEB Designs agreed to split the cost of the specialized retagging machine needed for this new process.

When these new shirts were completed, plaintiffs rejected 1,498 of them due to their quality. Plaintiffs signed a release regarding the rejected shirts, which read that JEB Designs "could dispose of them as they chose." JEB Designs, in exchange, reimbursed plaintiffs for their contribution to the retagging machine. Then, JEB Designs sold the 1,498 shirts to the Presleys, who sold them at their shop. After the Presleys bought the 'inside tagged' shirts, JEB Designs also sold the Presleys a second batch of 240 shirts which plaintiffs had also declined to accept.

Plaintiffs sued in Cumberland County Superior Court, alleging federal trademark infringement, state trademark infringement, fraud, deceptive trade practices and conversion. Judge Claire Hill granted a temporary restraining order on June 5, 2017. Defendants removed the case to this Court on the basis of federal question jurisdiction, as plaintiffs have alleged a Lanham Act violation, 15 U.S.C. § 1114. This Court exercises supplemental jurisdiction over the attendant state law claims under 28 U.S.C. § 1367.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint

must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss so long as they are integral to the complaint and authentic. Fed. R. Civ. P. 10(c); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). A court ruling on a motion to dismiss under Rule 12(b)(6) may also properly take judicial notice of matters of public record. *Sec'y of State for Defense*, 484 F.3d at 705.

Plaintiffs' claims must be separated into two categories: the first 1,498 shirts, and the second group of 240 shirts.

I. The 1,498 Shirts

All of plaintiffs' claims regarding the 1,498 'inside tagged' shirts are dismissed because plaintiff Hair signed a release disclaiming all rights in the shirts.

If a contract's meaning is clear and unambiguous, the text of the contract will govern. *Prichard Enterprises, Inc. v. Adkins*, 858 F. Supp. 2d 576, 586 (E.D.N.C. 2012). Interpretation of an unambiguous contract is a question of law. *Briggs v. Am. & Efird Mills, Inc.*, 251 N.C. 642,

644, 111 S.E.2d 841, 843 (1960). A valid contract requires consideration. Restatement (Second) of Contracts § 71 (1981).

Here, the text of the release plaintiff Hair signed is clear and unambiguous: "JEB Designs, Inc. does hereby assume ownership of the returned merchandise and as sole owner of this merchandise may dispose of it in any manner. Tyler Hair and Old South Apparel relinquish all claims, rights and ownership to this returned inventory." [Dkt. 1-7]. Second, plaintiffs received consideration for signing the release, as Defendant JEB Designs reimbursed them for their contribution to the retagging machine.

The release, which plaintiff Hair signed voluntarily and in exchange for consideration, clearly governs the fate of the 1,498 shirts. JEB Designs was free to dispose of them "in any manner," which included selling them to the Presleys. Plaintiffs retained no rights in the shirts after signing the release. Accordingly, all of plaintiffs' claims are dismissed as to the 1,498 shirts.

II. The 240 Shirts

The second batch of 240 shirts sold to the Presleys was not included in the release. Therefore, each claim made by plaintiffs must be addressed in turn.

*Trademark Infringement*

There are federal, state and common law trademark allegations in this matter. First, Plaintiffs argue that the sale of Old South-branded shirts is a federal trademark violation under the Lanham Act. To establish trademark infringement, a plaintiff must prove that it owns a valid and protectable mark, and that the defendant's use of a "reproduction, counterfeit, copy, or colorable imitation" of that mark creates a likelihood of confusion. 15 U.S.C. § 1114(1)(a);

*George & Co. LLC v. Imagination Entm't Ltd.,* 575 F.3d 383, 393 (4th Cir. 2009). Plaintiffs possess a registered federal trademark in the term "Old South Apparel." But no such reproduction, counterfeit, copy or imitation of plaintiffs' registered trademark is present here. Plaintiffs do not possess a registered federal trademark in "Old South," which is what was printed on the shirts in question.

To successfully state a claim, a plaintiff must plead specific facts that, if taken as true, provide a basis for granting relief. Fed. R. Civ. P. 12(b)6. Plaintiffs do not argue in any of their motions that the shirts were printed with the trademarked phrase "Old South Apparel." Therefore, they have not pleaded any facts that would suggest that their registered trademark has been infringed upon, as only "Old South Apparel" has been registered with the U.S. Patent and Trade Office.

An unregistered mark can still qualify for protection from infringement under § 43(a) of the Lanham Act. *Matal v. Tam*, 137 S. Ct. 1744, 1752 (2017). "The general principles qualifying a mark for registration . . . are for the most part applicable in determining whether an unregistered mark is entitled to protection under § 43(a)." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). Accordingly, an unregistered mark can be protected if it is distinctive. *Id.* at 769. A mark can be inherently distinctive, or can acquire distinctiveness through having a secondary meaning, that is, consumer recognition. *Id.* A likelihood of confusion is also required. *Id.*

Here is how Old South Apparel could gain trademark protection of the term "Old South" under §43(a) of the Lanham Act: if the phrase "Old South," either by its distinctiveness as a term, or by the acquisition of a secondary meaning, meant "Old South Apparel" to the general public. Plaintiffs would need to allege some facts that showed this could be true. Instead,

plaintiffs "emphatically disagree" with the idea that "Old South" and "Old South Apparel" are two different terms, without explaining how that could be the case.

In fact, "Old South" can bear many meanings. The U.S. Patent Office itself has granted six different "Old South" trademarks, to: a bourbon brand, a company that manufactures lawn furniture, an insurance company, a biscuit brand, and a candy maker. Also registered are Old South Peanut Co. of Virginia, Jack's Old South, Olde South, Old South Chic'n'Ribs Rotisserie, and Old South Training Company. Other corporations formed in North Carolina that bear the name Old South include Old South, Inc., Old South Accessories Inc., Old South Amusements, Old South BBQ, Old South Candle Company, and Old South Supply, Inc. "Old South" is neither distinctive nor has acquired a secondary meaning of "Old South Apparel." Plaintiffs fail to state a claim under §43 of the Lanham Act for which relief can be granted.

Plaintiffs have not registered any trademark, either "Old South" or "Old South Apparel," in the state of North Carolina. Because of this, plaintiffs have no state law rights that would attach when the mark is registered.

Finally, when it comes to trademark infringement, the North Carolina common law of unfair competition is similar to federal law regarding trademarks. *Daniel Grp. v. Serv. Performance Grp., Inc.*, 753 F. Supp. 2d 541, 551 (E.D.N.C. 2010) (citing *Polo Fashions, Inc., v. Craftex, Inc.,* 816 F.2d 145, 148 (4th Cir. 1987)). The key question is confusion: if, by infringing upon a trademark, someone is getting an unfair business advantage by confusing the general public as to the genesis of the goods in question, that is unfair competition. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 930 n. 10 (4th Cir.1995). As discussed above, plaintiffs have failed to allege facts that would show how "Old South"

distinctively means "Old South Apparel," and so cannot, as a matter of law, confuse anyone. Because of this, their common law claim is also dismissed.

*Fraud*

Under North Carolina law, five elements are required for fraud: "(1) a false representation or concealment of a material fact; (2) reasonably calculated to deceive; (3) made with intent to deceive; (4) and which does, in fact, deceive; (5) to the hurt of the injured party." *Vail v. Vail*, 63 S.E.2d 202, 205 (1951). Mere allegations or conclusory statements will not suffice. But that is all plaintiffs have provided here. Plaintiffs have done nothing more than allege that defendants' actions "were reasonably calculated to deceive plaintiffs." [Dkt. 20]. This does not state a claim upon which relief can be granted. Plaintiffs' fraud claim is dismissed.

*Unfair Competition and Unfair and Deceptive Trade Practices*

To assert a claim under the North Carolina Unfair and Deceptive Trade Practices Act, a plaintiff must plead sufficient facts to claim that the unfair practice is "unethical or unscrupulous" or that the deceptive practice "has a tendency to deceive." N.C. Gen. Stat. §75-1.1. Additionally, the Act requires "egregious or aggravating circumstances." *Id.*

No facts alleged here reach the level required by statute for such a claim to go forward. Taking all facts in the light most favorable to the plaintiffs, Defendant JEB Designs sold 240 rejected shirts to the Presleys without telling plaintiffs beforehand. That fails to meet the definition of egregious or aggravating as a matter of law.

Under N.C. Gen Stat §80.11, infringement of a trademark registered with the state of North Carolina is also a per se violation of North Carolina's Unfair Competition and Unfair and Deceptive Trade Practices Act. But plaintiffs have not claimed to be registered in the state of

North Carolina. As a result, §80.11 does not apply. Therefore, the claim is dismissed for failing to state a claim.

*Conversion*

To successfully allege a claim for conversion, a plaintiff must have been deprived of something. Under North Carolina law, "the essence of conversion is not the acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner." *Lake Mary Ltd. P'ship. v. Johnston,* 551 S.E.2d 546, 552 (2001). Because plaintiffs rejected the 240 shirts, they cannot allege a claim for conversion. Plaintiffs themselves argue they intended for JEB Designs to destroy the shirts in question. While plaintiffs may disapprove of the manner in which JEB Designs disposed of the shirts, the fact that plaintiffs intended for their disposal negates the possibility of a conversion claim. Second, plaintiffs have no claim founded on trademark infringement because, as discussed above, the trademark infringement claim is dismissed. Plaintiffs' claim for conversion is dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss [DE 15, 17] are GRANTED. Plaintiffs' motion for a temporary injunction [DE 1-7] is DENIED as moot. The Clerk is DIRECTED to enter judgment accordingly and close the case.

SO ORDERED, this 26 day of September, 2017.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE